In re Bradley J. GETMAN, Debtor.

John LEWIS, Jr., Chapter 7 Trustee, Plaintiff,

v.

PROVIDIAN BANCORP, Defendant.

Bankruptcy No. 97–41578.
Adversary No. 97–4173.

United States Bankruptcy Court, W.D. Missouri.

March 12, 1998.

John Lewis, Levy & Craig, Kansas City, MO, for Plaintiff.

Joseph M. Becker, Kansas City, MO, for Defendant.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

Debtor Bradley J. Getman filed a Chapter 7 bankruptcy petition on April 30, 1997. John Lewis, Jr. was appointed as the Chapter 7 trustee. According to the bankruptcy schedules, Mr. Getman transferred $9000.00 to defendant Providian Bancorp (Providian) within 90 days of the bankruptcy filing. The trustee brings this adversary proceeding to recover the alleged preferential payment, and he filed this Motion for Summary Judgment Pursuant to Bankruptcy Rule 7056 on January 26, 1998.[1] This is a core proceeding under 28 U.S.C. § 157(b)(2)(F) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I find that the transfer is an avoidable preference.

### FINDINGS OF FACT

The following facts are not disputed. Bank of America solicited Mr. Getman to accept its "Travel Choices Visa" card in January of 1997. By letter, Bank of America offered him a credit card with a credit limit of $10,000. It also told him he could earn points by transferring balances from other credit cards to the Travel Choices Card. Mr. Getman accepted the offer. On February 21, 1997, Mr. Getman received a letter from Bank of America verifying that, pursuant to his request, Bank of America had sent payments to First USA and First Deposit National Bank, and had thereby transferred the account balances to the Bank of America account. Providian is the successor-in-interest to First Deposit National Bank. Bank of America made a payment in the amount of $8,800 to First Deposit National Bank at the specific request of Mr. Getman. That payment was received on February 26, 1997.

Prior to that time, on February 10, 1997, First Deposit National Bank had also received a payment in the amount of $200.00 from Mr. Getman.

The Chapter 7 bankruptcy petition was filed on April 30, 1997. Both payments to First Deposit National Bank were thus made within 90 days prior to the bankruptcy filing. Both payments were made on account of an antecedent debt. The trustee argues in his Motion for Summary Judgement that both payments were preferential pursuant to section 547(b), and, thus, avoidable. Providian argues in its Response to the trustee's Motion for Summary Judgment that the transfer was not preferential because of the "earmarking" doctrine.

### CONCLUSIONS OF LAW

"Summary judgment is proper if, taking all facts and reasonable inferences from those facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law."[2] In this case there are no issues as to material facts.

Section 547(b) of the Bankruptcy Code, which sets out the elements of a preferential transfer reads as follows:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

---

1. Doc. # 11.

2. *Lang v. Star Herald,* 107 F.3d 1308, 1311 (8th Cir.1997), *cert. denied* —— U.S. ——, 118, S.Ct. 114, 139 L.Ed.2d 66 (1997).

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

In this case, it is not disputed that there was a transfer made within 90 days of the bankruptcy filing, to a creditor on account of an antecedent debt. The issue is whether the debtor had an interest in the property transferred. The defendant contends the debtor had no such interest, relying on the "earmarking doctrine."

A primary purpose of the preference statute is to facilitate equality of distribution among creditors of the debtor.[3] Thus, for example, assume that a creditor received payment in full of its obligation on the eve of bankruptcy, with funds which could have been paid pro rata to all creditors. The preference statute allows the trustee to achieve pro rata distribution by recovering the preferential transfer payment, and distributing those funds to all creditors, including the one which the debtor preferred. Of course, the statute by its terms only applies to transfers "of an interest of the debtor in property."[4] The earmarking doctrine is a court-made interpretation of that statutory requirement.[5] As the Eighth Circuit pointed out in *Bohlen*, the doctrine arose out of cases where a new creditor providing funds was itself obligated to pay the prior debt as a guarantor. If such guarantor simply paid the old creditor directly, that old creditor could not be said to have received a preference because no property of the debtor was used to make the payment. But what if, instead, the guarantor gave the money to the debtor with instructions to pay the old creditor, and the debtor did so. Technically, once the funds reached the debtor, it could have used them to pay others, but that would have violated the guarantor's instructions. Courts presumed that the debtor in this situation

held the funds in trust—they were earmarked—for the old creditor. Therefore, courts found, the debtor did not really have control over the funds, and did not have discretion to do as it chose with them. Therefore, because they were earmarked, those funds were not property of the estate, and the payment to the old creditor was not recoverable as a preference.

Thus, the original purpose of the earmarking analysis, as noted by the Eighth Circuit, was to avoid any inequitable result as to the guarantor. If the trustee recovered the funds paid to the old creditor, those funds would not be returned to the guarantor who had made the payment, but would instead go to the debtor's estate. The old creditor would then be able to go after the guarantor, who would have to pay the same obligation twice. It was in order to avoid that result that the Courts fashioned the earmarking doctrine.

In *Bohlen*, the new creditor, which was not a guarantor, agreed to make a line of credit available to the debtor, on condition that a portion of such credit be used to pay off a debt to the old creditor-defendant. The debtor drew down the credit available to it, but used such funds to pay down a separate, undisclosed debt to the old creditor. The Eighth Circuit pointed out that the courts had, in some cases, extended the earmarking doctrine to cases where the old creditor was not a guarantor concerned with double exposure. The Court first indicated that it did not believe the doctrine should have been so extended:

As a matter of first impression, it would seem that the doctrine should not have been so extended. The equalities in favor of a guarantor or surety, the risk of his having to pay twice if the first payment is held to be a voidable preference, are not present where the new lender is not a guarantor himself. Yet the courts without much detailed analysis of the differences,

---

3. 5 Collier on Bankruptcy. ¶ 547.01 at 547–9.

4. 11 U.S.C. § 547(b).

5. *McCuskey v. National Bank of Waterloo*, (*In re Bohlen Enterprises, Ltd.*), 859 F.2d 561 (8th Cir. 1988).

have routinely made the extension to non-guarantors.[6]

The Court went on to find that, apart from the status of the new creditor, the earmarking doctrine did not apply because it was the debtor, not the new creditor, that decided how the funds were to be used. Since the debtor was able to do as it chose with the line of credit made available to it by the new creditor, the old creditor could not contend that those funds had been earmarked for its benefit. In so holding, the Eighth Circuit limited the earmarking exception to cases where the new creditor has control over disposition of the funds. If it is the debtor which can choose what to do with the funds, and the debtor uses them to prefer one creditor, those funds should be recovered for the benefit of all creditors. Thus, application of the doctrine depends on identifying the earmarker.[7]

Since *Bohlen*, another Circuit Court has, like the Eighth Circuit, found that the earmarking exception is limited to those payments dictated by the new creditor, and not to those over which the debtor has any discretion.[8] In *Montgomery* the Court held that "[w]hen the borrowed funds have been specifically earmarked *by the lender* for payment to a designated creditor, there is held to be no transfer of property of the debtor even if the funds pass through the debtor's hands in getting to the selected creditor."[9]

Two recent cases consider the application of the earmarking doctrine to credit card balance transfers, where a new creditor pays off the debtor's obligation to an old creditor. One case, cited by Providian, is an unpublished 1995 opinion from the Bankruptcy Court for the Middle District of Florida.[10] Obviously, that decision has no precedential

value here. In addition, the earmarking discussion is dicta, because the Court had already decided that the transfer was not preferential because the old creditor had extended subsequent new value to the debtor under Sections 547(c)(4).[11] The unpublished opinion in effect argues that so long as the debtor substitutes one creditor for another, the other creditors are left in the same position as before the payment. That argument ignores the substance of this transaction. Mr. Getman drew upon funds that he could have used to pay all creditors equitably, and made those funds available to pay two creditors. As the Eighth Circuit said, in cases where the new creditor is not a guarantor, the "only person aided by the doctrine is the old creditor, who had nothing to do with earmarking the funds, and who, in equity, deserves no such benefit."[12]

In the other recent case, the Court emphasized that for the earmarking defense to apply "it must be the new creditor, not the debtor, who stipulates as a condition of the loan that the proceeds be used to pay the pre-existing loan."[13] Thus, since the new creditor had simply agreed to pay off whichever credit card debtor designated, the court found that debtors did control disposition of the funds they borrowed, so earmarking did not apply.

In this case, the debtor alone designated Providian's predecessor to be paid the funds. Debtor could have used those funds to pay any creditor, to purchase assets which might have been available to his creditors, or to use them as he saw fit. As the Bank of America solicitation letter said, he could have used such funds to have "take[n] flight to an exciting destination[,] set sail on a cruise[,] or

**6.** *McCuskey v. National Bank of Waterloo, (In re Bohlen Enterprises, Ltd.)*, 859 F.2d 561, 566 (8th Cir.1988).

**7.** *Coral Petroleum, Inc. v. Banque Paribas–London*, 797 F.2d 1351, 1362 (5th Cir.1986).

**8.** *In re Montgomery*, 983 F.2d 1389, 1395 (6th Cir.1993).

**9.** *Id.* (emphasis supplied).

**10.** Defendant's brief erroneously refers to such case as being decided by the Fifth Circuit, not by a Bankruptcy Court.

**11.** Providian has not pled any Section 547(c) defenses.

**12.** *Bohlen*, 859 F.2d at 566.

**13.** *Yoppolo v. Greenwood Trust Co., (In re Spitler)*, 213 B.R. 995, 998 (Bankr.N.D.Ohio 1997) (citing *In re Montgomery*, 983 F.2d at 1389, 1395 (6th Cir.1993)).

relaxed at a fine hotel." [14] It was entirely up to him, so earmarking is not applicable. When debtor drew down such funds by designating them for payment to Providian, he had a property interest in such funds. Therefore, the payment is avoidable as a preference, and the trustee's motion for summary judgment should be granted.

An Order in accordance with this Memorandum Opinion will be entered this date.