In re Hilda L. ANDERSON, Debtor.

Wm. Stephen Reisz, Trustee, Plaintiff.

v.

Napus Federal Credit Union, Defendant.

Bankruptcy No. 00–32780(3)7.
Adversary No. 02–3006.

United States Bankruptcy Court, W.D. Kentucky.

April 1, 2002.

Carol B. Meinhart, Radcliff, KY, for debtor.

## MEMORANDUM

DAVID T. STOSBERG, Chief Judge.

The Trustee, Wm. Stephen Reisz, filed this adversary proceeding to recover from Napus Federal Credit Union ("Napus") a preferential transfer which Napus received within ninety (90) days of the bankruptcy filing. Napus filed a motion to dismiss the Trustee's complaint on the theory that because Napus paid off the debtor's credit card account with Fleet Credit Card Ser-

vices ("Fleet"), no "transfer of an interest of the debtor" occurred and thus the threshold requirement of 11 U.S.C. § 547(b) is lacking. Because we reject Napus' position, we have overruled Napus' motion to dismiss the Trustee's Complaint.

### Factual Background

According to the Trustee's Complaint, in April 2000, the debtor opened a new credit card account with Fleet. The debtor then instructed Fleet to pay a credit card debt she owed to Napus, presumably to obtain a lower interest rate. On April 20, 2000, within ninety (90) days of the filing on June 8, 2000, Fleet transferred $6,494.34 to Napus. The Trustee seeks a judgment avoiding the transfer and recovering the money received by Napus as a preferential transfer.

### Legal Discussion

We address the precise question of whether payment by Fleet to Napus qualifies as a "transfer of an interest of the debtor in property."

11 U.S.C. § 547(b) provides that the trustee "... may avoid any transfer of an **interest of the debtor in property** ...". Citing to the case of *In re Van Huffel Tube Corp.* 74 B.R. 579 (Bankr. N.D.Ohio 1987), Napus argues that the "fundamental inquiry is whether the transfer diminished or depleted the Debtor's estate." Napus argues that because the transfer of funds from Fleet to Napus did not diminish the debtor's estate, but simply substituted one creditor for another, no preferential transfer occurred. Napus' argument centers upon the "earmarking doctrine" which provides that "a payment to a creditor by a third party is generally not a preference since the payment is not made out of assets of the Debtor." *Id.* at 585. But *Van Huffel* emphasizes that in order

for the earmarking doctrine to apply as a defense to a preference action, the defendant must demonstrate that "the Debtor had a lack of dispositive control over the funds in question." *Id.* (citing *Coral Petroleum*, 797 F.2d at 1362). In *Van Huffel*, because the Debtor controlled to whom the funds were paid, the earmarking doctrine did not apply as a defense to the preference action. *Id.* at 586. In other words, if the debtor decides which creditor is paid, the proceeds were not "earmarked" by the new lender for repayment of the existing loan, and thus, the proceeds still constitute "an interest of the debtor in property" avoidable under § 547(b). *In re Spitler*, 213 B.R. 995, 998 (Bankr.N.D.Ohio 1997).

The Court of Appeals for the Sixth Circuit addressed the "dominion and control" concept of the earmarking defense in a preference case involving an elaborate check kiting scheme. *In re Montgomery*, 983 F.2d 1389 (6th Cir.1993). In *Montgomery*, the debtor used the proceeds from unauthorized loans to repay certain debts to the defendant bank. *Id.* The Court of Appeals held that because the debtor controlled which creditor was paid, the earmarking doctrine did not apply as a defense to the preference action. *Id.* at 1395.

We adopt the *Spitler* case as our guide as that case involved the debtor's use of convenience checks from one credit card company to pay off an existing credit card debt. *In re Spitler*, 213 B.R. 995 (Bankr. N.D.Ohio 1997). This case is no different. The debtor opened a new credit card account with Fleet and instructed Fleet to pay the credit card debt she owed to Napus. *See* Trustee's Complaint at *1-2. Napus failed to show that this debtor lacked dispositive control over the payment of the funds she received from Fleet. *See Spitler*, 213 B.R. 995, 998 (Bankr.

N.D.Ohio 1997), *In re Safe–T–Brake of South Florida, Inc.*, 162 B.R. 359, 365-66 (Bankr.S.D.Fla.1993), *In re Getman*, 218 B.R. 490, 493 (Bankr.W.D.Mo.1998), and *In re Hurt*, 202 B.R. 611, 612 (Bankr. C.D.Ill.1996) (for cases applying the "dominion and control" test to the application of the earmarking defense).

Our holding also furthers the objectives of the preference provision as the transfer of funds to Napus disturbed the Code's equitable distribution principles. *See, e.g., In re Adams*, 240 B.R. 807 (Bankr. D.Maine 1999)(citing, *In re Bohlen Enters., Ltd.*, 859 F.2d 561 (8th Cir.1988)). The debtor's estate was depleted by the payment to Napus (the preferred creditor) instead of distribution of this money equally among the unsecured creditors. *See Spitler*, 213 B.R. at 999 (citing, *Montgomery*, 983 F.2d at 1396).

### Conclusion

Based on the above analysis, the court has entered an order overruling Napus' motion to dismiss and rescheduling this adversary proceeding for a pre-trial conference.